Estate of Willard H. Cummings, Deceased, H. King Cummings, Executor, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 55613.    Filed February 11, 1959.

*H. King Cummings* (*Executor*), for the petitioner.
*Chester M. Howe, Esq.*, for the respondent.

### OPINION.

Kern, *Judge:* Respondent determined a deficiency in Federal estate tax in the estate of Willard H. Cummings in the amount of $9,841.21. That part of the deficiency placed in issue by the pleadings herein results from (1) the increases made by respondent in the valuation of certain real estate owned by decedent, and (2) the disallowance by respondent of the amount of $42,320.60 claimed as a part of the marital deduction on the estate tax return.

The issues relating to the increases in valuation of real property have been settled by the stipulation of the parties, to which effect will be given in proceedings under Rule 50.

The allegations of error in the petition filed herein which relate to the disallowance of an amount claimed as a part of the marital deduction (the sole remaining issue in this case) read as follows:

C. The Commissioner has erred in determining that the amount allowable for the "Marital Deduction" in Schedule M, Form 706, is $156,811.83.

D. With respect to the aforementioned marital deduction the Commissioner has erred in determining that the amount of $42,320.60 claimed as a part of the marital deduction on the return (Form 706) is "unallowable for the reason that under the trust created by the decedent on December 26, 1940 the trustees are directed to pay to the surviving spouse from the principal, at her request, up to $5,000.00 each year during her life. This constitutes a terminable interest which does not qualify for the marital deduction under Internal Revenue Code Section 812(e)(1)(B) and (F) since the surviving spouse does not have the power to appoint the entire corpus of the trust, and she does not have a power to appoint which is exercisable in all events."

All of the facts have been stipulated by the parties. We incorporate herein by this reference the stipulation of facts.

H. King Cummings is the executor of the estate of Willard H.

Cummings, hereinafter referred to as decedent, who died on August 11, 1950. The estate tax return was filed with the then collector of internal revenue for the district of Maine.

On December 18, 1940, decedent created a trust pursuant to the terms of a trust deed reading, in pertinent parts, as follows:

I, WILLARD H. CUMMINGS, of NEWPORT, MAINE, hereinafter called "the Donor", desire or may in the future desire to deposit with Herbert K. Cummings of said Newport and the Old Colony Trust Company, a Massachusetts corporation, hereinafter called "the Trustees," one or more policies of insurance upon my life payable to the Trustees, and, at the request of the Donor, the Trustees agree that, upon receipt of the proceeds of said policy or policies, they will manage, invest and reinvest said funds in trust for the following purposes:—

1. To make payment of any loans of the Donor which may be outstanding and wherein the said policies or any of them may be pledged as collateral.

2. To make such payments from income and principal as loans or outright to the wife and children of the Donor as to them seems desirable for their comfortable maintenance and support until either the trust under the residuary clause of the will of the Donor is set up and is paying income to its beneficiaries, or, if there is no such trust created by the will of the Donor, until the estate of the Donor is distributed; thereupon to pay over the trust fund then in its hands to the Trustees under such residuary clause to be added to the property thereunder and held on the trusts therein set forth or, if such payment cannot be made or is in the opinion of the Trustees undesirable because there is no such residuary trust or for any other reason, then to hold the trust fund as follows:

3. To pay the net income to the wife of the Donor not less often than quarterly and after the death of the survivor of the Donor and his wife to pay such income similarly to the issue of the Donor in equal shares by right of representation until the trust fund is distributed as hereinafter provided.

4. As each child of the Donor reaches the age of thirty (30) years (the Donor and his wife having deceased) there shall be distributed to said child one third of the share of the trust fund from which he or she has been receiving income, one half of the balance of his or her said share upon reaching the age of thirty-five (35) years, and the balance of said share upon reaching the age of forty (40) years. If any child shall die leaving issue, distribution as above provided shall be made to said issue at the time said distribution would have been made if said child had not deceased. If any child should decease without issue before receiving his or her full distributive share hereunder any such balance then remaining shall be distributed to the surviving children or their issue as above provided.

5. During the life of the Donor's wife the trustees shall make such disbursements to her from time to time from the principal fund as she may request (but not in excess of $5,000 in any one year) and upon and after her decease and before the trust fund is distributed as above directed the trustees may, in their discretion, make such disbursements (but not in excess of $2,000 a year to any distributee) from the principal fund to the persons then entitled to income payments hereunder as they may deem necessary for their comfort, any such disbursements to be applied against the interest of such distributee hereunder.

\* \* \* \* \* \* \*

8. The interest of any beneficiary hereunder, either as to income or principal, shall not be anticipated, alienated or in any other manner assigned by such beneficiary and shall not be subject to any legal process, bankruptcy proceedings or the interference or control of creditors or others.

\* \* \* \* \* \* \*

11. The Trustees shall each year render an account of their administration of the trust to the person or persons of full age entitled at the time to receive the income thereof. Such person's or persons' written approval of such an account shall, as to all matters and transactions stated therein or shown thereby, be final and binding upon all persons (whether in being or not) who are then or may thereafter become entitled to share in either the principal or the income of the trust.

No trusts were created under the decedent's last will.

No payments have been made by the trustees of said trust to any beneficiary other than Helen W. Cummings, surviving widow of the decedent.

The executor on decedent's estate tax return included the value of the trust property in the gross estate and claimed a marital deduction, based upon the interest of Helen W. Cummings in said trust property. The amount of the marital deduction based upon said interest was computed and described on the estate tax return as follows:

Life Insurance Trust Fund
Rights to Beneficiary—Mrs. Helen W. Cummings, Wife of Decedent:
Annual Payment from Principal of Fund permitted under Trust
    Agreement_____ $5,000.00

Age of widow on 8/11/50—63 Years, Present Value of $1 at age
    63 (Factor 8.46412)
Present Worth of Widow's Life Interest—$5,000 × 8.46412_____ $42,320.60

Petitioner's principal argument is stated on brief as follows:

The main point relied on by the petitioner is the 1958 amendment to section 812(e)(1)(F) as a consequence of which a marital deduction may be allowed as to part of the total property left in trust for a surviving spouse.

Section 812(e)(1)(F) of the Internal Revenue Code of 1939, as amended by section 93(a), Technical Amendments Act of 1958, is set out in the margin hereof.[1] Petitioner contends that under this section

---

[1] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

    *       *       *       *       *       *       *

(e) BEQUESTS, ETC., TO SURVIVING SPOUSE.—

    (1) ALLOWANCE OF MARITAL DEDUCTION.—

       *       *       *       *       *       *       *

    (F) Life Estate with Power of Appointment in Surviving Spouse.—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

        (i) the interest or such portion thereof so passing shall, for purposes of subparagraph (A), be considered as passing to the surviving spouse, and

        (ii) no part of the interest so passing shall, for purposes of subparagraph (B)(1), be considered as passing to any person other than the surviving spouse.

This subparagraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events.

as thus amended "it is now quite proper to break a trust up into 'specific portions' so as to qualify one of the portions for the marital deduction," and that under the facts of this case the deductible "specific portion" is properly determinable "by in substance multiplying $5,000 being the widow's unrestricted right to principal each year, by an appropriate factor involving her life expectancy." In the alternative petitioner contends that there should be allowed to the estate a marital deduction in the amount of $5,000. Petitioner's argument on this alternative contention is as follows:

This amount is a "specific portion" within the meaning of s. 812(e)(1)(F), as amended, "portion" being defined in the 1951, 2d ed. of Webster's New International Dictionary to mean "an allotted part; a share," a synonym of "quantity". Helen W. Cummings was entitled to the income from each $5,000 portion since she was entitled to all trust income. She had a power to appoint the portion, as well. There is no substantial difference discernible between an outright bequest of $5,000. fully deductible under s. 812(e), and a bequest in trust which the widow can reduce to possession simply by demanding it.

In our opinion it is apparent that the intention of the quoted statute upon which petitioner relies was to provide for two mutually exclusive situations. One was where the "surviving spouse is entitled for life to all the income from the entire interest," and the other where the "surviving spouse is entitled for life to * * * all the income from a specific portion" of the entire interest. The latter situation is where a "portion" is definitely specified (as distinguished from "the entire interest") from which the entire income is payable to the surviving spouse. In the instant case the widow was "entitled for life to all the income from the entire interest," and she was not "entitled for life to * * * all the income from a specific portion" of the entire interest. Therefore, there was no "*such* specific portion" (emphasis supplied) over which she had the power of appointment. It is not enough that she had a power of appointment over some or any specific portion. In order for petitioner to benefit by section 812(e)(1)(F), it would be necessary for the widow to have the power to appoint the specific portion from which she specifically is entitled to the income for life. In this case we may assume that the widow by her power of consumption had a power of appointment with regard to $5,000 of the trust corpus, and that this $5,000 was a "specific portion" of the "interest in property passing from the decedent." However, since the widow was entitled to all the income from the trust corpus (the entire interest), she was not entitled to "all the income from a specific portion thereof" within the intendment of the statute, and therefore she had no power to appoint such specific portion.

Accordingly, we decide that the provisions of section 812(e)(1)(F) of the Internal Revenue Code of 1939, as amended by section 93 of the Technical Amendments Act of 1958, do not apply to the facts of

the instant case and that the respondent did not err in disallowing the claimed marital deduction as alleged in the petition filed herein.

Petitioner on brief argues that the widow of decedent had a legal life estate in the Cummings Trust and that the value of such legal life estate should be subtracted from the trust estate before the latter's inclusion in the gross estate of the decedent. Although petitioner states that this argument was presented in a letter addressed to the Appellate Division of the Internal Revenue Service at Boston, Massachusetts, it is not germane to any issue raised by the pleadings in this case, and cannot be considered by us.

We decide the issue presented for our decision in favor of respondent.

*Decision will be entered under Rule 50.*